UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GREGORY BRUNSON,
<u>Plaintiff-Appellant,</u>

v.

No. 98-2379

ANDREWS OFFICE AND SUPPLY
EQUIPMENT COMPANY, INCORPORATED,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CA-97-427-PJM)

Submitted: May 11, 1999

Decided: June 8, 1999

Before LUTTIG, MICHAEL, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Geraldine H. Owens, Washington, D.C., for Appellant. Karen A.
Khan, Timothy W. Romberger, JACKSON, LEWIS, SCHNITZLER
& KRUPMAN, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Gregory Brunson appeals the order granting summary judgment to his former employer, Andrews Office Supply and Equipment Company, Inc. ("Andrews") on Brunson's claims that his federal civil rights were violated when Andrews discharged him. We affirm.

Andrews sells and delivers office products. Brunson, an African-American, had been a route driver for five years when he was informed on March 27, 1995, that a test conducted as part of his annual company physical examination revealed marijuana use. Pursuant to company policy, Brunson was suspended and referred to his union's employee assistance program for treatment. The policy also provided that if he successfully completed an initial drug counseling portion of a treatment program within thirty days, he could work in a non-driving warehouse position pending completion of any after-care portion of the treatment program and, upon completion of the entire program, that he would be reinstated to his driving position.

Brunson agreed to participate in a union-sponsored program conducted by Anthony Mayo, but he was expelled after a week for missing two classes. On April 12, 1995, Andrews' human resources director, Stephanie Claros, wrote to re-offer an in-patient treatment option that Brunson had initially rejected in favor of Mayo's program. This letter advised Brunson that his job would remain open until April 27, 1995.

Brunson's lawyer negotiated with Claros and, on April 21, it was agreed that Brunson would attend an alternative treatment program. This agreement was memorialized in a May 1 letter written by Brunson's lawyer in which no mention was made of keeping Brunson's job open past April 27. Brunson began the alternative program in mid-June and completed it on July 22, 1995. However, he was informed on July 17 that he had been discharged from his job for failure to complete a program by the original April 27 deadline. After his grievance was denied and his union refused to seek arbitration, Brunson filed this action claiming that his discharge was racially motivated and seeking relief under 42 U.S.C. § 2000e et seq. and 42 U.S.C.

2

§ 1981. This appeal followed the dismissal of his federal claims on the company's summary judgment motion.*

In his opposition to Andrews' summary judgment motion, Brunson argued that he was a member of a protected class and that he was performing his job satisfactorily when he was discharged. He concedes that Andrews' proffered reason for the discharge--Brunson's failure to complete a treatment program within thirty days of his positive drug test--"satisfied the [company's] burden of production" under the scheme established in McDonnell Douglas Corp. v. Burdine, 450 U.S. 792 (1973). (Appellant's Br. at 28). His sole rebuttal is that he was led to believe that his job would remain open long enough for him to complete the agreed upon alternative program and, therefore, because a jury could find that the company's reason was pretextual and infer that the real reason for his discharge was his race, Andrews contends that summary judgment was in error. His entire appeal, however, is premised on a misapprehension of the standard we employ in such cases.

In St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993), the Court held that in an employment discrimination case, the trier of fact's rejection of an employer's asserted reasons for its actions did not entitle a plaintiff to judgment as a matter of law; the mere production of a legitimate nondiscriminatory reason for the employment action is sufficient to rebut any presumption of intentional discrimination. The circuits have interpreted this in different ways in dealing with the question of what a plaintiff needs to show in order to avoid summary judgment. As Brunson demonstrates, many circuits follow what is known as the "permissive pretext" standard. These circuits generally hold that evidence of pretext is sufficient to raise an inference that the real reason for the contested employment action was a discriminatory one and, therefore, summary judgment will not  be awarded to the employer in the face of such evidence. See, e.g. , Sempier v. Johnson & Higgins, 45 F.3d 724, 731-32 (3d Cir. 1995). However, contrary to

_____

*The complaint also included a state law contract claim. After Andrews' summary judgment motion was granted as to the federal claims, the district court declined to exercise jurisdiction over the remaining state law claim and dismissed it without prejudice. This order is not on appeal.

3

Brunson's assertion that our position is "shrouded in mystery at present" (Appellant's Br. at 24), we clearly adhere to a different standard.

In <u>Vaughan v. Metrohealth Cos., Inc.</u>, 145 F.3d 197, 202 (4th Cir. 1998), we carefully explained that this circuit follows the "pretext-plus" approach in evaluating summary judgment motions in employment discrimination cases. Under this approach, after the employee has established a prima facie case (as Brunson has), the employer must articulate a nondiscriminatory reason for the contested employment action (as Brunson concedes Andrews has). Once this point is reached, the employee can avoid summary judgment only if he has "developed some evidence on which a juror could reasonably base a finding that discrimination motivated the challenged employment action." <u>Id.</u>

Although Brunson ably asserts he was misled into believing he would have longer than thirty days to complete a treatment program, he does not even contend he has uncovered any evidence of discriminatory motive. Under our "pretext-plus" approach, his failure is fatal to his claim. Accordingly, we affirm the judgment below. We grant Andrews' motion to submit the case on the briefs because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4